03-15-00027-CV



FILED
April 21, 2015.
Third Court of Appeals
Jeffrey D. Kyle
Clerk

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | 146TH JUDICIAL DISTRICT |
| CHERIE D. DE LEON | § | |
| AND | § | |
| DAVID DE LEON | § | BELL COUNTY, TEXAS |

## <u>APPELLANT'S BRIEF</u>

STATEMENT OF ISSUES FOR REVIEW

On the 24th of September, 2013, the case of Cherie D. De Leon and David De Leon was heard and the following issues are issues that need to be reviewed and corrected for the record:

A.  The percentage of Military Retirement Pay;

B.  Ordering Respondent to make Cherie D. De Leon, ex-wife as his Beneficiary;

C.  Funds from Materials Transportation Company (MTC) Employees Stock Ownership Plan (ESOP);

D.  The Firearms that are/were registered under Respondent's name with a List of the Firearms attached;

E.  Sworn Affidavits to other Firearms/weapons;



RECEIVED
APR 2 1 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

F.  A formula for Retirement Pay was adapted by the Department of Defense and/or the Department of Finance and Accounting Service (DFAS) to calculate the amount of percentage to do the following steps:

(1).      In Respondent's case, you would take 20 years of active Military Duty and you convert it into months which are 240 months.

(2).      You take that the number of years you were married while on active duty; in the Respondent's case, it was 4 and ½ years which are 54 months.

(3).      You divide the 240 months of active duty by the number of months married while on active duty – 240 divided by 54

(4).      You then take the disposable income and you multiply by the percentage – 917.82 x 4.44% equals to $40.75.

(5).      According to the formula that the Department of Finance and Accounting Service (DFAS), it shows that for Petitioner, Cheri D. De Leon, my ex-wife is entitled to $40.75. I do not know where Petitioner's attorney came up with the 11.25%. I am attaching a copy of the formula DFAS uses and my pay stubs;

G. Ordering Respondent to make Petitioner, my ex-wife by Beneficiary upon my death for my Retirement Pay; I cannot find any law that reads that I am supposed to do this and whether what Petitioner's attorney did is legal or not;

2

H. Disposition of funds from an account that I have never put money into or ever taken any out. These funds are put their for their employees that are 100% vested. It is the ESOP plan. She should be entitled to any of these funds since I never put any money into it and is considered a gift; and

I. The following pertain to Firearms that are not registered with the Alcohol, Tobacco and Firearms (A.T.F.) but they are also registered with the Federal Government at Fort Hood, Texas with the Military Police. These weapons need to be recovered and returned to Respondent, David De Leon. A List of the weapons is attached.

## Conclusion

Respondent-Appellant, David De Leon respectfully asks this Honorable Court to review the brief and attachments and consider reversing those sections included in this brief.

Respectfully Submitted,

David De Leon, Pro Se
2606 Nogales
Corpus Christi, Texas 78416
Telephone No.: (361) 945-4931

3

## CERTIFICATE OF SERVICE

I, David De Leon, certify that a true copy of the Appellant's Brief was mailed to Mr. Thomas J. Baker, Attorney at Law for Cherie D. De Leon at 208 East Central Avenue, Suite 106, Belton, Texas 76513, to Ms. Paula King, Court Coordinator, 146th Judicial District Court at P.O. Box 324, Belton, Texas 76513-0324 at _____*10:30AM*_____ on this the *17* day of April, 2015.

_____
David De Leon, Appellant

| IN THE MATTER OF | § | IN THE DISTRICT COURT |
|---|---|---|
| THE MARRIAGE OF | § | |
| | § | 146TH JUDICIAL DISTRICT |
| CHERIE D. DE LEON | § | |
| AND | § | |
| DAVOD DE LEON | § | BELL COUNTY, TEXAS |

## ORDER ON MOTION FOR CONTINUANCE

On the ___ day of _____, 201___, came on to be heard Movant's Motion for Continuance, and the Court after hearing the argument of Counsel and evidence thereon and being of the opinion that said Motion should be (GRANTED) (DENIED).

It is therefore ORDERED, ADJUDGED, and DECREED by the Court that said Motion for Continuance be:

GRANTED [ ] DENIED [ ] and if Granted, the Hearing to Enter Order be set for

_____.

SIGNED and ENTERED this the ___ day of _____, 201___.


_____
JUDGE PRESIDING

FILE COPY

COPY

FILED

NO. 252,911-B

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| CHERIE DELEON | § | 146TH JUDICIAL DISTRICT |
| AND | § | |
| DAVID S. DELEON | § | BELL COUNTY, TEXAS |

## DOMESTIC RELATIONS ORDER
[Military Retirement]

The Court, having entered a decree of divorce coincident with the signing of this domestic relations order, finding that the entry of a domestic relations order (DRO) is necessary to effectuate the terms of that decree of divorce, and further finding that the entry of a DRO is appropriate, makes the following findings and conclusions of law and enters them as an order in this proceeding.

*Findings*

The Court finds, in accordance with the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. section 1408, as follows:

1.    This Court has jurisdiction over DAVID S. DELEON.   The residence of Servicemember is Corpus Christi, Nueces County, Texas, other than because of military assignment.

2.    Servicemember, and CHERIE DELEON, ("Former Spouse"), were originally married on January 9, 1988, and that marriage lasted for 25 years and 10 months or more, during which time Servicemember served 4 years and 6 months or 54 months of creditable service toward retirement.

3.    Servicemember's Social Security number is ███████ his address is ███████ ███████, and his birth date is ███████

4.    Former Spouse's Social Security number is ███████ her address is ███████ ███████, and her birth date is ███████

5.    The rights of Servicemember under the Servicemembers Civil Relief Act were fully complied with in this case.

6.    Servicemember is retired from the United States Army at the time of this order.

7.    The award of disposable retired pay made to Former Spouse in this order is made in compliance with the Uniformed Services Former Spouses' Protection Act.

1

8. It is intended by this Court and the parties that the Defense Finance and Accounting Service (DFAS) designee make the payments due to Former Spouse of her interest in the disposable retired pay awarded in this order directly to Former Spouse.

*Terms and Definitions*

With respect to the provisions of this DRO, the Court has used and applied the following terms and definitions:

1. "Retired pay" means monetary pay to which Servicemember is, or may hereafter be, entitled to receive on completion of the requisite number of years of creditable service to be entitled to nondisability retired pay as a result of service in the United States Armed Forces (active duty, reserve component, or national guard), whether called retired pay, retainer pay, or retirement pay.

2. "Disposable retired pay" has the meaning provided in the Uniformed Services Former Spouses' Protection Act (10 U.S.C. § 1408 *et seq.*).

3. "USFSPA" means the Uniformed Services Former Spouses' Protection Act (10 U.S.C. § 1408 *et seq.*) in effect on the date of the parties' divorce.

4. "Defense Finance and Accounting Service" (DFAS) means, refers to, and includes the Secretary of the Department of Defense, the Director of the DFAS, the designated agent of either of these, and other appropriate subdivisions of the United State Government.

5. "COLA" means the cost-of-living adjustment increases that are made annually to a military retiree's retired pay pursuant to 10 U.S.C. § 1401a.

*Award to Former Spouse*

IT IS THEREFORE ORDERED that Former Spouse have judgment against and recover from Servicemember 11.25 percent of Servicemember's monthly **disposable** retired pay.

IT IS FURTHER ORDERED that DFAS, to the extent allowed by law, pay Former Spouse each month the calculated percentage of Servicemember's disposable retired pay at retirement, together with all COLAs applicable thereto, payable, IF, AS, and WHEN received by Servicemember.

IT IS FURTHER ORDERED that the rest, residue, and remainder of the military retired pay of Servicemember is the sole and separate property of Servicemember.

*Amounts in Excess of 50 Percent*

IT IS ORDERED that if the dollar amount or award (or a larger sum as increases take

2

effect) exceeds 50 percent of the disposable retired pay, DFAS shall pay to Former Spouse the maximum amount allowable under the USFSPA and Servicemember shall be responsible for paying the balance of the award each month to Former Spouse, and it is accordingly ORDERED.

If DFAS is not allowed to pay Former Spouse the full amount of Former Spouse's entitlement pursuant to this order form any reason, Servicemember is hereby ORDERED, within seven days of being notified by Former Spouse that Former Spouse is not receiving the full amount of Former Spouse's interest in the retired pay, to execute and deliver to DFAS all forms or documents that may then be necessary to effect an allotment payable to Former Spouse in the amount of the difference between the amount being paid directly to Former Spouse by DFAS and the full amount of Former Spouse's interest in the retired pay. Servicemember is FURTHER ORDERED to keep and maintain in full force and effect any allotment required by this provision, payable to Former Spouse at 819 W. HOUSTON AVENUE, TEMPLE, Texas 76501, or such other address as Former Spouse may hereafter specify in writing, until such time as Former Spouse begins receiving Former Spouse's full separate-property share of Servicemember's disposable retired pay as awarded herein directly from DFAS. That allotment may be canceled by Servicemember if and when Former Spouse begins receiving, and for as long as Former Spouse is receiving, Former Spouses' full separate-property share of Servicemember's disposable retired pay directly from DFAS, but only in that event or to avoid double payment of sums.

Since Former Spouse has been awarded the right to receive that share attributable to the interest awarded to Former Spouse herein of any and all COLAs or other increases in the monthly disposable retired pay hereinafter paid and if Former Spouse is not receiving from DFAS his full share of the retired pay herein awarded to Former Spouse, if and when COLAs are made to the retired pay received by Servicemember, Servicemember is hereby ORDERED to execute and deliver to DFAS all forms or documents that may then be necessary to effect an increase in the allotment to Former Spouse in the amount equal to the dollars-and-cents equivalent of that COLA attributable to Former Spouse's share of that disposable retired pay. Servicemember is hereby ORDERED to increase the allotment then in effect or, if applicable, initiate an allotment pursuant to the foregoing paragraph, within seven working days of the date Servicemember is notified by DFAS of the effective date of each COLA to the monthly retired pay payment.

3

*Constructive Trust*

IT IS FURTHER ORDERED that Servicemember be and is hereby designated a constructive trustee for the benefit of Former Spouse for the purpose of receiving the retired pay awarded herein to Former Spouse as Former Spouse's sole and separate property, and Servicemember be and is hereby ORDERED, on receipt thereof, to deliver by first-class mail to Former Spouse at her last known address by negotiable instrument that portion of each monthly retired pay payments awarded to Former Spouse herein not paid directly (or by allotment) by DFAS within three days of the receipt of any such payments by Servicemember. All payments made directly to Former Spouse by DFAS shall be a credit against this obligation.

For purposes of this order, Servicemember is specifically directed, on penalty of contempt, to pay Former Spouse's interest in the disposable retired pay as ordered in this order, AND IT IS SO ORDERED. Servicemember is specifically directed that he is not relieved of that obligation except to the extent that he is specifically notified that 100 percent of Former Spouse's interest in the retirement benefit has been directly paid by DFAS, and IT IS SO ORDERED.

IT IS FURTHER ORDERED that any election of benefits that may hereafter be made by Servicemember shall not reduce the amount equal to the percentage of the retired pay or the amount of the retired pay the Court has herein awarded to Former Spouse, except as provided by federal law *and* prohibited from being changed by a state court order. In this regard, IT IS FURTHER ORDERED that Servicemember shall not merge his military retired pay with any other pension and shall not pursue any course of action that would defeat, reduce, or limit Former Spouse's right to receive Former Spouse's full separate-property share of Servicemember's retired pay as awarded in this order, unless otherwise ordered herein.

*Death*

IT IS ORDERED that the payment of the retired pay awarded in this order to Former Spouse shall continue until the death of Servicemember or Former Spouse.

*Retiree Account Statements and Privacy Waiver*

IT IS FURTHER ORDERED that Servicemember shall deliver by first class mail to Former Spouse at 819 W. HOUSTON AVENUE, TEMPLE, Texas 76501, or such other address as Former Spouse may hereafter specify in writing, a true and correct legible copy of each Retiree Account Statement received by Servicemember from DFAS within five day of its receipt.

IT IS ORDERED that Servicemember hereby waives any privacy or other rights as may be required for Former Spouse to obtain information relating to Servicemember's date of retirement, last unit assignment, full pay grade, past or present monthly annuity payments, or other information that may be required to enforce this award or to revise this order to make it enforceable.

*Application for Direct Pay of Retired Pay*

Former Spouse is hereby directed to apply for Former Spouse's entitlement to a portion of Servicemember's retired pay by contacting the DFAS Legal Department, completing the Application for Former Spouse Payments from Retired Pay (DD Form 2293), and delivering it along with a certified copy of this DRO (certified within ninety days of its delivery to DFAS) and a photocopy of the parties' marriage certificate to: **DFAS-HGA-CL, Assistant General Counsel for Garnishment Operations, P.O. Box 998002, Cleveland, Ohio 44199-8002** by certified mail, return receipt requested.

*Taxes*

IT IS FURTHER ORDERED that Former Spouse shall include in her gross income for her taxable years of receipt all retired pay received by Former Spouse pursuant to this order, and, to the extent benefits are payable to Former Spouse by DFAS, Servicemember shall not include such benefits in Servicemember's gross income for such taxable years.

*Survivor Benefit Plan*

The Court further finds that Former Spouse is presently named a spouse beneficiary of Servicemember's Armed Forces Survivor Benefit Plan (which is deemed to include the Reserve Component Survivor Benefit Plan, if applicable) and that Servicemember's election to provide the Survivor Benefit Plan benefits to Former Spouse should be continued by Former Spouse's being designated as a former spouse beneficiary and that Former Spouse's designation as a former spouse beneficiary should not hereafter be modified, amended, withdrawn, reduced, or altered by Servicemember during Former Spouse's lifetime, and IT IS SO ORDERED.

IT IS THEREFORE ORDERED that Servicemember shall elect to designate Former Spouse as a former spouse beneficiary of Servicemember's Survivor Benefit Plan. IT IS FURTHER ORDERED that, pursuant to this order, Former Spouse be and is hereby deemed designated, to the extent permitted by law, a former spouse beneficiary of Servicemember's Survivor Benefit Plan to receive the highest Survivor Benefit Plan entitlement allowed by law.

To the extent that Servicemember fails or otherwise refuses to cooperate in filing the documents required to elect to designate Former Spouse as a former spouse beneficiary of Servicemember's Survivor Benefit Plan, Former Spouse is directed to apply for Former Spouse's entitlement to be deemed a former spouse beneficiary of Servicemember's Armed Forces Survivor Benefit Plan by notifying the DFAS Legal Department of this Court's deemed election pursuant to 10 U.S.C. section 1447 et seq., completing a DD Form 2656-10 to effect the deemed election, and sending it, along with a certified copy of this order, to **U.S. Military Annuitant Pay, P.O. Box 7131, London, KY 40742-7131** by certified mail, return receipt requested. *Former Spouse's failure to register her deemed election within one year of the date this DRO is signed may, if not will, forever bar such an election for Former Spouse.*

IT IS ORDERED that Servicemember shall not during Former Spouse's lifetime modify, amend, withdraw, or in any other manner alter the election to name Former Spouse as a former spouse beneficiary of Servicemember's Armed Forces Survivor Benefit Plan.

*Continued Jurisdiction and Clarification*

Without affecting the finality of the Final Decree of Divorce or this Domestic Relations Order, this Court expressly reserves the right pursuant to section 9.101 *et seq.* of the Texas Family Code to make orders necessary to clarify, amend, and enforce this order, and IT IS SO ORDERED.

SIGNED on ___Oct. 3, 2014___ .

Original signed by Judge Jack Jones

_____
JUDGE PRESIDING

6

Originally signed by Judge Jack Jones

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE & CORRECT COPY
OF THE ORIGINAL ON FILE

OCT 07 2014



SHELIA F. NORMAN
DISTRICT CLERK, BELL CO., TX
BY _____ DEPUTY

 FILE COPY

 ORIGINAL COPY

NO. 252,911-B

| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| CHERIE DELEON | § | 146TH JUDICIAL DISTRICT |
| AND | § | |
| DAVID S. DELEON | § | BELL COUNTY, TEXAS |

## FINAL DECREE OF DIVORCE

On July 31, and September 24, 2013, the Court heard this case.

*Appearances*

Petitioner, CHERIE DELEON, appeared in person and through attorney of record, Thomas J. Baker, and announced ready for trial.

Respondent, DAVID S. DELEON, appeared in person and through attorney of record, Amador C. Garcia, and announced ready for trial.

*Record*

The record of testimony was duly reported by the court reporter for the 146TH Judicial District Court.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

*Divorce*

IT IS ORDERED AND DECREED that CHERIE DELEON, Petitioner, and DAVID S. DELEON, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

1

---
*Cause No. 252,911-B, In the Matter of the Marriage of Cherie De Leon and David S. DeLeon, Final Decree of Divorce*

*Child of the Marriage*

The Court finds that there is no child of the marriage of Petitioner and Respondent now under eighteen years of age or otherwise entitled to support and that none is expected.

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party.

<u>Property to Husband</u>

IT IS ORDERED AND DECREED that the husband, DAVID S. DELEON, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control and also the following items of property regardless of who has possession: picture of horse and children, British Army knives, box of crystal beer glasses, rod and reel, spin cast reel and rod, 2 hard shell rifle cases, hunting uniforms and all accessories, all remaining VHs and DVDs about hunting, books and magazines on rifles and hunting, hunting knives, 3/8 inch steel cable, steel stone sharpener, handcuffs and key, 2 tree climbing hunting stands, coolers, NRA special book collection, gun cabinet, DVDs (Eddie and the Cruisers, Streets of Fire), bows and arrows with hard and soft cases, 4 2-point diamond ensemble, high country compound bow, Bushnell binoculars, Leupold Binoculars, Stainless steel caliper, Winchester 25-06 Rifle #6149125, Mechanic tools (one-half), cabinet with glass doors (Curb pickup), crystal decanter, grandfather clock, military duffle bag and contents, box of military pictures, military uniform with award pins, all military award documents and certificates, all hunting certificates from Texas Parks and Wildlife, family pictures, thermal thermos, Ithaca 243 rifle L5A55#550123896, Winchester 88 243 #H268102, ½ German mug souvenirs



H-2. All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control.

H-3. All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the

2

husband's sole control.

H-4. All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment, except that interest awarded to Wife herein..

H-5. All individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in the husband's name, except as awarded to Wife herein.

H-6. All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to or as a result of DAVID S. DELEON's service in the United States United States Army, including any accrued unpaid bonuses, disability plan or benefits, Thrift Savings Plan, or other benefits existing by reason of or as a result of DAVID S. DELEON's past, present, or future employment, except that interest awarded to Wife herein.

H-7. Any remaining rights or interest in the 2006 Dodge Ram Quad Cab Pick-Up motor vehicle, vehicle identification number _____, together with all prepaid insurance, keys, and title documents.

H-8. One-half or 50 percent of Materials Transportation Company Employee Stock Ownership Plan net assets: A one-half interest in the stock options in Materials Transportation Company earned or accrued by virtue of husband's former employment.

<u>Property to Wife</u>

IT IS ORDERED AND DECREED that the wife, CHERIE DELEON, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control, including but not limited to the following items regardless of who has possession: 2-tube television and VCR, TV cabinet, metal desk (found on curb), small trailer frame, aluminum ladder, sledge hammer, shovel, rake, pick, hay fork, T-post puller, T-post driver, Skill drill, Skill circular saw, 5 horse-panels, suede saddle, ax, ½ German mug souvenirs, water trough with holes, hoof nipper,

3

hoof trim stand, saddle stand, water buckets, Xena VHS tapes, 20 T-posts, 10 wire-fence panels, Weatherby 30-06 rifle, Ruger 22-250 rifle, Thompson 308 rifle, ½ mechanic tools, saddle, saddle blanket, bridle, halter (2), lead, box of miscellaneous horse paraphernalia, collection of horse books, pots and pans (gift), dishes and flatware (gift), horse hoof trim and clean tools, horse brushes, bed, lariat, metal dog kennel.

W-2. All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control. Including but not limited to the following: engagement ring, sapphire ring (gift), Xena jacket and costume jewelry,

W-3. All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the wife's sole name or from which the wife has the sole right to withdraw funds or which are subject to the wife's sole control.

W-4. The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the wife's past, present, or future employment.

W-5. The individual retirement accounts, simplified employee pensions, annuities, and variable annuity life insurance benefits in the wife's name.

W-6. 11.25 percent of all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to or as a result of DAVID S. DELEON's service in the United States Army, including any accrued unpaid bonuses, Thrift Savings Plan, or other benefits existing by reason of or as a result of DAVID S. DELEON's past employment, except that portion of DAVID S. DELEON's U.S. military retirement that has been awarded in this decree to DAVID S. DELEON as more particularly specified in the domestic relations order signed coincident with this decree and incorporated verbatim in it by reference.

W-7. The 1993 Oldsmobile 98 motor vehicle, vehicle identification number _____, together with all prepaid insurance, keys, and title documents.

W-8. One-half or 50 percent of Materials Transportation Company Employee Stock

4

Ownership Plan net assets:    A one-half interest in the stock options in Materials Transportation Company earned or accrued by virtue of husband's former employment through the date of this divorce.

W-9:   16-foot utility trailer.

*Findings and Orders Regarding Division of Husband's Army Retirement*

The Court finds, in accordance with the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. section 1408, as follows:

1. This Court has jurisdiction over DAVID S. DELEON.  The residence of Servicemember is Corpus Christi, Nueces County, Texas, other than because of military assignment.

2. Servicemember, and CHERIE DELEON, ("Former Spouse"), were originally married on January 9, 1988, and that marriage lasted for 25 years and 10 months or more, during which time Servicemember served 4 years and 6 months or 54 months of creditable service toward retirement.

3. Servicemember's Social Security number is ████████, his address is ████████████ ████████████ and his birth date is ████████

4. Former Spouse's Social Security number is ████████, her address is ████████████ ████████████, and her birth date is ████████.

5. The rights of Servicemember under the Servicemembers Civil Relief Act were fully complied with in this case.

6. Servicemember is retired from the United States United States Army at the time of this order.

7. The award of disposable retired pay made to Former Spouse in this order is made in compliance with the Uniformed Services Former Spouses' Protection Act.

8. It is intended by this Court and the parties that the Defense Finance and Accounting Service (DFAS) designee make the payments due to Former Spouse of her interest in the disposable retired pay awarded in this order directly to Former Spouse.

*Terms and Definitions*

With respect to the provisions of this DRO, the Court has used and applied the following terms and definitions:

1. "Retired pay" means monetary pay to which Servicemember is, or may hereafter be, entitled to receive on completion of the requisite number of years of creditable service to be entitled to nondisability retired pay as a result of service in the United States Armed Forces (active duty, reserve component, or national guard), whether called retired pay, retainer pay, or retirement pay.

2. "Disposable retired pay" has the meaning provided in the Uniformed Services Former Spouses' Protection Act (10 U.S.C. § 1408 *et seq.*).

5

3. "USFSPA" means the Uniformed Services Former Spouses' Protection Act (10 U.S.C. § 1408 *et seq.*) in effect on the date of the parties' divorce.

4. "Defense Finance and Accounting Service" (DFAS) means, refers to, and includes the Secretary of the Department of Defense, the Director of the DFAS, the designated agent of either of these, and other appropriate subdivisions of the United State Government.

5. "COLA" means the cost-of-living adjustment increases that are made annually to a military retiree's retired pay pursuant to 10 U.S.C. § 1401a.

*Award to Former Spouse*

IT IS THEREFORE ORDERED that Former Spouse have judgment against and recover from Servicemember 11.25 percent of Servicemember's monthly **disposable** retired pay, and accordingly the Court ORDERS AND DECREES that DAVID DELEON shall pay to CHERIE D. DELEON directly at ████████████████████████, for CHERIE D. DELEON or at such subsequent address as DAVID D. DELEON is given notice of CHERIE D. DELEON'S address, beginning October 1, 2013, and of a like amount continuing on or before the first day of each month thereafter. For purposes of payments in this case, each party is ORDERED to give the other party notice of any change of address not later than 5 (five) days after such address change occurs or is known, whichever is earlier..

IT IS FURTHER ORDERED that DFAS, to the extent allowed by law, pay Former Spouse each month the calculated percentage of Servicemember's disposable retired pay at retirement, together with all COLAs applicable thereto, payable, IF, AS, and WHEN received by Servicemember.

IT IS FURTHER ORDERED that the rest, residue, and remainder of the military retired pay of Servicemember is the sole and separate property of Servicemember.

*Amounts in Excess of 50 Percent*

IT IS ORDERED that if the dollar amount or award (or a larger sum as increases take effect) exceeds 50 percent of the disposable retired pay, DFAS shall pay to Former Spouse the maximum amount allowable under the USFSPA and Servicemember shall be responsible for paying the balance of the award each month to Former Spouse, and it is accordingly ORDERED.

If DFAS is not allowed to pay Former Spouse the full amount of Former Spouse's entitlement pursuant to this order form any reason, Servicemember is hereby ORDERED, within seven days of being notified by Former Spouse that Former Spouse is not receiving the full amount of Former Spouse's interest in the retired pay, to execute and deliver to DFAS all forms or documents that may then be necessary to effect an allotment payable to Former Spouse in the amount of the difference between the amount being paid directly to Former Spouse by DFAS and the full amount of Former Spouse's interest in

the retired pay. Servicemember is FURTHER ORDERED to keep and maintain in full force and effect any allotment required by this provision, payable to Former Spouse at ███████████████████, ██████████████████, or such other address as Former Spouse may hereafter specify in writing, until such time as Former Spouse begins receiving Former Spouse's full separate-property share of Servicemember's disposable retired pay as awarded herein directly from DFAS. That allotment may be canceled by Servicemember if and when Former Spouse begins receiving, and for as long as Former Spouse is receiving, Former Spouses' full separate-property share of Servicemember's disposable retired pay directly from DFAS, but only in that event or to avoid double payment of sums.

Since Former Spouse has been awarded the right to receive that share attributable to the interest awarded to Former Spouse herein of any and all COLAs or other increases in the monthly disposable retired pay hereinafter paid and if Former Spouse is not receiving from DFAS his full share of the retired pay herein awarded to Former Spouse, if and when COLAs are made to the retired pay received by Servicemember, Servicemember is hereby ORDERED to execute and deliver to DFAS all forms or documents that may then be necessary to effect an increase in the allotment to Former Spouse in the amount equal to the dollars-and-cents equivalent of that COLA attributable to Former Spouse's share of that disposable retired pay. Servicemember is hereby ORDERED to increase the allotment then in effect or, if applicable, initiate an allotment pursuant to the foregoing paragraph, within seven working days of the date Servicemember is notified by DFAS of the effective date of each COLA to the monthly retired pay payment.

*Constructive Trust*

IT IS FURTHER ORDERED that Servicemember be and is hereby designated a constructive trustee for the benefit of Former Spouse for the purpose of receiving the retired pay awarded herein to Former Spouse as Former Spouse's sole and separate property, and Servicemember be and is hereby ORDERED, on receipt thereof, to deliver by first-class mail to Former Spouse at her last known address by negotiable instrument that portion of each monthly retired pay payments awarded to Former Spouse herein not paid directly (or by allotment) by DFAS within three days of the receipt of any such payments by Servicemember. All payments made directly to Former Spouse by DFAS shall be a credit against this obligation.

For purposes of this order, Servicemember is specifically directed, on penalty of contempt, to pay Former Spouse's interest in the disposable retired pay as ordered in this order, AND IT IS SO ORDERED. Servicemember is specifically directed that he is not relieved of that obligation except to the extent that he is specifically notified that 100 percent of Former Spouse's interest in the retirement benefit has been directly paid by DFAS, and IT IS SO ORDERED.

IT IS FURTHER ORDERED that any election of benefits that may hereafter be made by

7

Servicemember shall not reduce the amount equal to the percentage of the retired pay or the amount of the retired pay the Court has herein awarded to Former Spouse, except as provided by federal law *and* prohibited from being changed by a state court order. In this regard, IT IS FURTHER ORDERED that Servicemember shall not merge his military retired pay with any other pension and shall not pursue any course of action that would defeat, reduce, or limit Former Spouse's right to receive Former Spouse's full separate-property share of Servicemember's retired pay as awarded in this order, unless otherwise ordered herein.

*Death*

IT IS ORDERED that the payment of the retired pay awarded in this order to Former Spouse shall continue until the death of Servicemember or Former Spouse.

*Retiree Account Statements and Privacy Waiver*

IT IS FURTHER ORDERED that Servicemember shall deliver by first class mail to Former Spouse at █████████████████████████████████, or such other address as Former Spouse may hereafter specify in writing, a true and correct legible copy of each Retiree Account Statement received by Servicemember from DFAS within five day of its receipt.

IT IS ORDERED that Servicemember hereby waives any privacy or other rights as may be required for Former Spouse to obtain information relating to Servicemember's date of retirement, last unit assignment, full pay grade, past or present monthly annuity payments, or other information that may be required to enforce this award or to revise this order to make it enforceable.

*Application for Direct Pay of Retired Pay*

Former Spouse is hereby directed to apply for Former Spouse's entitlement to a portion of Servicemember's retired pay by contacting the DFAS Legal Department, completing the Application for Former Spouse Payments from Retired Pay (DD Form 2293), and delivering it along with a certified copy of this DRO (certified within ninety days of its delivery to DFAS) and a photocopy of the parties' marriage certificate to: **DFAS-HGA-CL, Assistant General Counsel for Garnishment Operations, P.O. Box 998002, Cleveland, Ohio 44199-8002** by certified mail, return receipt requested.

*Taxes*

IT IS FURTHER ORDERED that Former Spouse shall include in her gross income for her taxable years of receipt all retired pay received by Former Spouse pursuant to this order, and, to the extent benefits are payable to Former Spouse by DFAS, Servicemember shall not include such benefits in Servicemember's gross income for such taxable years.

*Survivor Benefit Plan*

The Court further finds that Former Spouse is presently named a spouse beneficiary of Servicemember's Armed Forces Survivor Benefit Plan (which is deemed to include the Reserve

8

Component Survivor Benefit Plan, if applicable) and that Servicemember's election to provide the Survivor Benefit Plan benefits to Former Spouse should be continued by Former Spouse's being designated as a former spouse beneficiary and that Former Spouse's designation as a former spouse beneficiary should not hereafter be modified, amended, withdrawn, reduced, or altered by Servicemember during Former Spouse's lifetime, and IT IS SO ORDERED.

IT IS THEREFORE ORDERED that Servicemember shall elect to designate Former Spouse as a former spouse beneficiary of Servicemember's Survivor Benefit Plan. IT IS FURTHER ORDERED that, pursuant to this order, Former Spouse be and is hereby deemed designated, to the extent permitted by law, a former spouse beneficiary of Servicemember's Survivor Benefit Plan to receive the highest Survivor Benefit Plan entitlement allowed by law.

To the extent that Servicemember fails or otherwise refuses to cooperate in filing the documents required to elect to designate Former Spouse as a former spouse beneficiary of Servicemember's Survivor Benefit Plan, Former Spouse is directed to apply for Former Spouse's entitlement to be deemed a former spouse beneficiary of Servicemember's Armed Forces Survivor Benefit Plan by notifying the DFAS Legal Department of this Court's deemed election pursuant to 10 U.S.C. section 1447 et seq., completing a DD Form 2656-10 to effect the deemed election, and sending it, along with a certified copy of this order, to **U.S. Military Annuitant Pay, P.O. Box 7131, London, KY 40742-7131** by certified mail, return receipt requested. *Former Spouse's failure to register her deemed election within one year of the date this DRO is signed may, if not will, forever bar such an election for Former Spouse.*

IT IS ORDERED that Servicemember shall not during Former Spouse's lifetime modify, amend, withdraw, or in any other manner alter the election to name Former Spouse as a former spouse beneficiary of Servicemember's Armed Forces Survivor Benefit Plan.

*Continued Jurisdiction and Clarification*

Without affecting the finality of the Final Decree of Divorce or this Domestic Relations Order, this Court expressly reserves the right pursuant to section 9.101 *et seq.* of the Texas Family Code to make orders necessary to clarify, amend, and enforce this order, and IT IS SO ORDERED.

Division of Debt

Debts to Husband

IT IS ORDERED AND DECREED that the husband, DAVID S. DELEON, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1.    The balance due, including principal, interest, and all other charges, on the promissory note payable to and given as part of the purchase price of and secured by a lien on

9

the 2006 Dodge Ram Quad Cab Pick-Up Truck motor vehicle awarded to husband.

H-2.  The following debts, charges, liabilities, and obligations:

a.  Debt owed to Chase Bank, Account number ending 1452
Balance: $1299.07

b.  Debt owed to Chase Bank, Account number ending 8914
Balance: $569.00

c.  Debt owed to Credit First N A, Account number ending 1667
Balance: $253.00

d.  Debt owed to Capital One Bank, Account number ending 2401
Balance: $4293.06

e.  Debt owed to Ford Motor Company, Account number ending 7782
Balance: $2900.00

f.  Debt owed to Texell Credit Union, Account number ending 3579
Balance: $3719.33

g.  Debt owed to Credit Acceptance Corp., Account number ending 7274
Balance: $8000.00

h.  Debt owed to AT&T Mobility, Account number ending 6144
Balance: $1122.01

i.  Debt owed to DRS c/o Scott & White, Account number ending 8601
Balance: $146.73

j.  Debt owed to TXU Energy, Account number ending 8807
Balance: $226.59

k.  Debt owed to Mrs. Charles Lee for first divorce problems
Balance: $3,000.00

l.  Debt owed for pasture lease to Dale Garcia
Balance: $780.00

H-3.  All debts, charges, liabilities, and other obligations incurred solely by the husband from and after September 28, 2011, unless express provision is made in this decree to the contrary.

H-4.  All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the husband in this decree unless express provision is made in this decree to the contrary.

<u>Debts to Wife</u>

IT IS ORDERED AND DECREED that the wife, CHERIE DELEON, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1.  The balance due, including principal, interest, and all other charges, on the promissory note payable to and given as part of the purchase price of and secured by a lien on the 1993 Oldsmobile 98 motor vehicle awarded to wife.

10

W-2. The following debts, charges, liabilities, and obligations:

    a.      Debt owed to Capital One Bank, Account number ending 48623
           Balance: $2012.00

    b.      Debt owed to Chase Bank, Account number ending 41855
           Balance: $783.00

    c.      Debt owed to HSBC Bank, Account number ending 545800
           Balance: $2210.00

    d.      Debt owed to HSBC Bank, Account number ending 549110
           Balance: $2664.00

W-3. All debts, charges, liabilities, and other obligations incurred solely by the wife from and after September 28, 2011, unless express provision is made in this decree to the contrary.

W-4. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the wife in this decree unless express provision is made in this decree to the contrary.

<u>Notice</u>

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

<u>Attorney's Fees</u>

To effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case.

<u>Treatment/Allocation of Community Income for Year of Divorce</u>

IT IS ORDERED AND DECREED that, for the calendar year 2013, each party shall file an individual income tax return in accordance with the Internal Revenue Code.

IT IS ORDERED AND DECREED that for calendar year 2013, each party shall indemnify and hold the other party and his or her property harmless from any tax liability associated with the reporting party's individual tax return for that year unless the parties have agreed to allocate their tax liability in a manner different from that reflected on their returns.

IT IS ORDERED AND DECREED that each party shall furnish such information to the other party as is requested to prepare federal income tax returns for 2013 within thirty days of receipt of a written request for the information, and in no event shall the available information be

11

exchanged later than March 1, 2014. As requested information becomes available after that date, it shall be provided within ten days of receipt.

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

Credit Cards

CHERIE DELEON and DAVID S. DELEON are both enjoined and prohibited from using or incurring any indebtedness on the following cards:

Any credit card in joint names of parties or joint liability of parties

*Change of Petitioner's Name*

IT IS ORDERED AND DECREED that CHERIE DELEON's name is changed to CHERIE DENISE LEE.

*Discharge from Discovery Retention Requirement*

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

*Indemnification*

IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance

12

with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

*Date of Judgment*

This divorce judicially PRONOUNCED AND RENDERED in court at Belton, Bell County, Texas, on September 24, 2013, and further noted on the court's docket sheet on the same date, but signed on _____October 3, 2014_____ .

_____
JUDGE PRESIDING

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE & CORRECT COPY
OF THE ORIGINAL ON FILE

OCT 07 2014



SHELIA F. NORMAN
DISTRICT CLERK, BELL CO., TX
BY_____DEPUTY

13

---

*Cause No. 252,911-B, In the Matter of the Marriage of Cherie De Leon and David S. DeLeon, Final Decree of Divorce*

APPROVED AS TO FORM ONLY:

THOMAS J BAKER, Attorney at Law
208 East Central Avenue, Suite 106
Belton, Texas 76513
Tel: (254) 939-8600
Fax: (254) 939-8602

By:_____
    Thomas J. Baker
    Attorney for Petitioner
    State Bar No. 01595700

AMADOR C. GARCIA
Attorney at Law
1521 South Port, Suite A
Corpus Christi, Texas 78405
Tel: (361) 882-3396
Fax: (361) 884-2136

By:_____
    Amador C. Garcia
    Attorney for Respondent
    State Bar No. 07629000

APPROVED AND CONSENTED TO AS TO FORM ONLY:

_____
CHERIE DELEON, Petitioner

_____
DAVID S. DELEON, Respondent

14

FILE COPY

CAUSE NUMBER 252,911-B

IN THE MATTER OF

THE MARRIAGE OF

CHERIE D. DE LEON
AND
DAVID DE LEON

IN THE DISTRICT COURT

146TH JUDICIAL DISTRICT

BELL COUNTY, TEXAS

## MEMORANDUM RULING

On SEPTEMBER 24, 2013, this **Divorce** case was tried to the Court. Petitioner (Wife) appeared with attorney, Thomas Baker and Respondent (Husband) appeared with attorney, Amador C. Garcia.

## MARRIAGE

The Court grants the divorce effective September 24, 2013 on grounds of insupportability.

## SPOUSAL SUPPORT

Husband shall have no obligation to pay Petitioner spousal support.

## PROPERTY

### To Petitioner (wife):

1993 Oldsmobile
One-half (1/2) of MTC ESOP
as set forth in Petitioner's Proposed Property Division (except as stated herein)

<u>To Respondent (husband):</u>

One-half (1/2) of MTC ESOP
as set forth in Petitioner's Proposed Property Division (except as stated herein)

Any property not listed in Petitioner's Proposed Property Division is awarded to the party in possession or in control of such property.

Except as stated herein, each party will retain any retirement benefits they have earned.

## DEBTS

<u>To Petitioner:</u>

As set forth in Petitioner's Proposed Property Division, (except as stated herein)

<u>To Respondent:</u>

As set forth in Petitioner's Proposed Property Division (except as stated herein)

Any debt not listed in Petitioner's Proposed Property Division is imposed against the party incurring that debt.

## RESPONDENT'S MILITARY RETIREMENT

Petitioner is awarded fifty percent (50%) of the portion of Respondent's military retirement benefits related to the time of marriage during his military service. Petitioner is responsible for the costs to maintain Survivor Benefit Plan coverage.

## ATTORNEY'S FEES/COURT COSTS

Each party shall be responsible for its own attorney fees and court costs.

Signed this __11th__ day of __October__, __2013__.

_____
Judge Presiding



## SWORN AFFIDAVIT

**STATE OF TEXAS** §
§
**COUNTY OF NUECES** §

I, Reyaldo S. De Leon, am the owner of the Ithaca Model Number LSA-55 Rifle, Serial Number – 550123896, Caliber 243 and the Winchester Model 88, Serial Number H268102, Caliber 243. These rifles were purchased in October, 1977.

BEFORE ME, the undersigned authority, personally appeared REYNALDO SOLIZ DE LEON, who on his oath stated that he has read the above and foregoing letter and states that it is true and correct.

_____
Reynaldo S. De Leon

SWORN TO AND SUBSCRIBED before me by the said Reynaldo S. De Leon on this the 14 day of February, 2014, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

JUSTINE BOICE RENTERIA
Notary Public, State of Texas
My Commission Expires
September 21, 2017

FILE COPY

Reynaldo De Leon
1626 Harvard
Corpus Christi, Texas 78416
(361) 737-2709

March 8, 2013

Honorable Jack Jones,
Judge, 146th Judicial District Court
P.O. Box 324
Belton, Texas 76513-0304

Re: ITMO David S. De Leon and Cherri D. De Leon
Cause No.: 252911-01

Dear Judge Jones,

My name is Reynaldo Soliz De Leon. I am the brother of David Soliz De Leon,

I am writing you this letter to inform you that when our father passes away on January 3, 1990, he left my brother, David, the Remington Rifle, Model 760 Gamemaster 243 Caliber, Serial #690373 which my mother gave him per our dad's request. She gave David this rifle after David and Cherie returned back from Germany before her passing in February, 2011.

The persons who were present when my mother gave David the rifle were my brothers, Allen the Second, who unfortunately passed away on April, 2011 and Freddie who unfortunately passed away on March, 2010, my sisters Rosie Cavazos, Candelaria Gayton, Belia Castillo, Sylvia De Leon Meza and I. Cherie, David's wife was also present.

Yours Very Truly,

Reynaldo Soliz De Leon

RSD/tlo

## SWORN AFFIDAVIT

**STATE OF TEXAS**      §
                        §
**COUNTY OF NUECES**    §

BEFORE ME, the undersigned authority, personally appeared REYNALDO SOLIZ DE LEON, who on his oath stated that he has read the above and foregoing letter and states that it is true and correct.



Reynaldo Soliz De Leon

SWORN TO AND SUBSCRIBED before me by the said Reynaldo Soliz De Leon on this the___ day of March, 2013, to certify which witness my hand and seal of office.

JUSTINE BOICE RENTERIA
Notary Public, State of Texas
My Commission Expires
September 21, 2013

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

## RETIREE ACCOUNT STATEMENT

| STATEMENT EFFECTIVE DATE | NEW PAY DUE AS OF | SSN |
|---|---|---|
| JUL 12, 2013 | AUG 01, 2013 | |

PLEASE REMEMBER TO NOTIFY DFAS IF YOUR ADDRESS CHANGES



**DFAS POINTS OF CONTACT**

DEFENSE FINANCE AND ACCOUNTING SERVICE
US MILITARY RETIREMENT PAY
PO BOX 7130
LONDON KY 40742-7130

COMMERCIAL (216) 522-5955
TOLL FREE 1-800-321-1080
TOLL FREE FAX 1-800-469-6559

myPay
https://myPay.dfas.mil

002248

SSG DAVID S DELEON USA RET

3819

### PAY ITEM DESCRIPTION

| ITEM | OLD | NEW | ITEM | OLD | NEW |
|---|---|---|---|---|---|
| GROSS PAY | 1,474.00 | 1,474.00 | ALLOTMENTS/BONDS | 104.73 | 44.88 |
| SBP COSTS | 96.62 | 96.62 | FORMER SPOUSE DED | 414.63 | 414.63 |
| TAXABLE INCOME | 962.75 | 962.75 | | | |
| | | | NET PAY | 858.02 | 917.87 |

### PAYMENT ADDRESS

DIRECT DEPOSIT

### YEAR TO DATE SUMMARY ( FOR INFORMATION ONLY)

| | |
|---|---|
| TAXABLE INCOME: | 5,776.50 |
| FEDERAL INCOME TAX WITHHELD: | .00 |

### TAXES

FEDERAL WITHHOLDING STATUS:  MARRIED
TOTAL EXEMPTIONS:  04

### SURVIVOR BENEFIT PLAN (SBP) COVERAGE

| | | | |
|---|---|---|---|
| SBP COVERAGE TYPE: | SPOUSE ONLY | ANNUITY BASE AMOUNT: | 1,486.49 |
| SPOUSE ONLY COST: | 96.62 | | |
| | | SPOUSE DOB: | MAY 09, 1963 |

THE ANNUITY PAYABLE IS 55% OF YOUR ANNUITY BASE AMOUNT WHICH IS  817.57

YOU HAVE PAID 252 MONTHS TOWARD YOUR 360 MONTHS OF PAID UP RC/SBP COVERAGE. ONCE YOU HAVE PAID AT LEAST 360 MONTHS TOWARD YOUR COVERAGE AND TURN AGE 70, YOUR COSTS WILL BE TERMINATED BUT YOUR COVERAGE WILL REMAIN ACTIVE.

DFAS-CL 7220/148 (REV 03-01)  DELEO

FORM RAS1F

| ALLOTMENTS AND BONDS | | |
|---|---|---|
| ALLOTMENT TYPE | PAYEE | AMOUNT |
| INSURANCE | TRICARE PRIME - SOUTH | 44.88 |

| FORMER SPOUSE PROTECTION ACT DEDUCTIONS | | |
|---|---|---|
| EDGE | PAYEE ODILIA D | AMOUNT 414.63 |

**ARREARS OF PAY BENEFICIARY INFORMATION**

WE DO NOT HAVE ANY BENEFICIARY INFORMATION ON FILE ON YOUR COMPUTERIZED PAY ACCOUNT. PLEASE CALL 1-800-321-1080 OR VISIT THE DFAS WEB SITE AT http://www.dfas.mil UNDER THE RETIRED AND ANNUITY SECTION OF THE MONEY MATTERS AREA TO OBTAIN A BENEFICIARY FORM.

DFAS-CL 7220/148 (REV 10-12) (BACK)

DELEO

**FILE COPY**

# GO-TO GUIDE FOR MILITARY DIVORCE SETTLEMENTS

## Details & deadlines

-See other side under "Details and deadlines."

-Resist division of accrued leave – argue that leave is personal to the servicemember [SM], cannot be used by the spouse or former spouse. In a few states, leave is not deemed marital/community property.

## Division of pension

-When SM is retired (or you can get other side to agree), calculate ret'd pay and divide resulting set dollar amt. (e.g., Joe pays Ann $475/mo.). No COLA (cost of living adjustment) shared with former spouse.

-Otherwise, try to divide SM's ret'd pay at rank, yrs. of svc. at sep./div. (e.g., *"Joe pays Ann the following share of his disposable ret. pay; based on rank of staff sgt. with 12 yrs of svc"*). This is fixed rank division. Resist dividing final ret'd pay; argue that FS only entitled to pension earned during marriage, rest of pension is separate property of SM. Use of this method when SM's pension based on "High-3" means you must specify annual pay on which pension based.

-For marital share, use ½ X mo. of svc during marriage [state #] ÷ total mo. of svc. (always when dividing final ret'd pay; whenever possible with fixed rank division). Never 50% of ret'd pay unless SM is already retired, and all of military svc. was during marriage.

-Try to get other side to agree to current pay tables with fixed rank division(e.g., *"This fixed rank pay division shall be based on current pay tables in effect May 1, 2008."*) to cut out any future pay raises on which ret'd pay is based.

## Death of SM/retiree

-Mum's the word: make sure nothing is said in agreement on this.

-If death benefits mentioned, try for life insurance; it's probably cheaper, will leave SBP for a future spouse. If possible, have FS pay life insurance premiums, since coverage is only for her/his benefit. Otherwise, let SM/retiree deduct his/her share of payment as alimony.

-IF SBP demanded, reply with demand that FS pay for it since she/he alone benefits from it; SBP is only effective upon retiree's death.

-Remember: SBP is a unitary benefit; it cannot be divided between former and current spouses.

-Deadlines on reverse side under "Details & deadlines."

## Disability

-Leave out of agreement; silence is golden!

-Divide "disposable retired pay," not *gross retired pay, military retirement benefits or compensation due to military service.*

-Resist indemnification clause. Argue that SM has legal right to disability compensation if disabled, and federal law allows this.

© 2008 Mark E. Sullivan; adapted from THE MILITARY DIVORCE HANDBOOK (Am. Bar Assn. 2006), www.ababooks.org

FILE COPY

CAUSE NUMBER: 252911

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | 146TH JUDICIAL DISTRICT |
| CHERIE D. DE LEON | § | |
| AND | § | |
| DAVID DE LEON | § | BELL COUNTY, TEXAS |

## SUGGESTIONS TO THE COURT

COMES NOW, David De Leon, Respondent, in the above numbered and entitled cause and files this his Suggestions to the Court in the above number and entitled cause:

1. Grant Divorce.

2. No spousal maintenance to Cherie D. De Leon.

3. No survivor military benefits to Cherie D. De Leon.

Property to Husband:

a. The following guns and rifles:

| | |
|---|---|
| 30-06; Weatherby VG-X Vanguard; #VX23359 – Rifle | $550.00 - Value |
| 25-06; Weatherby VSL Vanguard; #VS10857 – Rifle | $350.00 – Value |
| 270; Weatherby Vanguard; # V79971 – Rifle | $450.00 – Value |
| 7mm; Ruger M-77 #97973360 – Rifle | $400.00 – Value |
| 308; Thompson Centerfire Icon #9754 | $600.00 |
| 243; Remington 760 Game Masters # 6903703 – Rifle | $185.00 – Value |
| 22-250; Ruger Model Mark II #791-44407 - Rifle | $275.00 – Value |
| 22 Calber; Marlin Model W60 #08296836 - Rifle | $100.00 – Value |
| 12 Gauge Shotgun; Mossberg w/2 Barrels Model 500 A | $125.00 – Value |
| 20 Gauge Shotgun: Mossberg Model 500 C #LO80222 | $100.00 – Value |

b. The following personal effects:

| | |
|---|---|
| Military Duffel Bag with Uniforms; | $Military Issued |
| Sleeping Bag & Other Accessories | $Military Issued |
| Boxes with Crystal Beer Glasses & Large Beer Boot | $125.00 |
| Box with Military Pictures – Taken Prior to Marriage | |

1

| | |
|---|---|
| Box with Law Books from College Years | $75.00 |
| Coleman Lantern & Coleman Camp Stove | $53.00 |
| 3/8" Thick Cables Given by M.T.C | $Gift |
| Ambassador Rod & Reel | $65.00 |
| Ambassador Spin cast Reel & Rod | $37.00 |
| Military Uniform with Military Awards | $Military Issued |
| All Military Award Documents & Certificate Awards | |
| All Hard & Soft Rifle Cases | $100.00 |
| All Bowsand Arrows with Hard & Soft Cases | $150.00 |
| Hunting Uniforms & all Accessories In Large Green Plastic Container | $50.00 |
| All Remaining VHS & DVDS that Pertain To Hunting | $65.00 |
| All Books & Magazines Pertaining to Rifle & Hand Gun Repair & Values from School & N.R.A. Member | $75.00 |
| All Bullets & Shotgun Shells | $15.00 |
| All Hunting Knives | $25.00 |
| All Hunting Certificates Issued by Texas Parks & Wild Life | $ |
| Knives Given to me by British Army | $30.00 |
| For Cooking/Barbecuing for Them | $75.00 |
| All Sharpens Steels & Stones | $10.00 |
| All my Remaining Clothes in Temple, Texas | $50.00 |
| Cross from Deceased Brother & Rosary From Deceased Mother | $20.00 |
| Family Pictures | $Gift |
| Thermal Thermos | $Gift |
| Handcuffs with Key | $15.00 |
| Coins I collected Over the Years | $50.00 |
| Gun Cabinet | $75.00 |
| Hunting Ladder Stand & Hanging Stands | $90.00 |
| Several Coolers | $75.00 |
| Bushinell Range Finder | $75.00 |
| Tape & Die Set | $25.00 |
| All Cleaning Rifle Kits | $20.00 |

c. All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control;

d. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control;

e. All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control. and

2



PRESS FIRMLY TO SEAL                    PRESS FIRMLY TO SEAL


U.S. POSTAGE
PAID
CORPUS CHRISTI.TX
78405
APR 17, 15
AMOUNT
$5.75
1006        78711        00035528-04

# PRIORITY®
# ★ MAIL ★

- DATE OF DELIVERY SPECIFIED*
- USPS TRACKING™ INCLUDED*
- $ INSURANCE INCLUDED*
- PICKUP AVAILABLE

  * Domestic only

FROM: David G. DeLeon
2606 Nogales, ST.
Corpus Christi, Texas
78416

TO: Third District of Texas
Court of Appeals
P.O. Box 12547
Austin, Texas
78711-2547

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #



9114 9999 4431 4881 8325 80



PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE


UNITED STATES
POSTAL SERVICE®